IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CALIBER AUTOMOTIVE LIQUIDATORS, INC.,** : | |
| : | **Case No. 2:06-cv-725-JDH-TPK** |
| **Plaintiff,** : | |
| : | **Judge Holschuh** |
| v. | |
| : | **Magistrate Judge Kemp** |
| **PAUL SHERRY CHRYSLER DODGE JEEP,** : | |
| **Defendant.** : | |

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on Plaintiff's Motion for Summary Judgment (R. at 4) and Plaintiff's Motion to Strike (R. at 8). For the reasons discussed below, both motions are denied.

### I. Background and Procedural History

Plaintiff Caliber Automotive Liquidators, Inc. commenced this action on August 25, 2006 when it filed its Complaint alleging that Defendant Sherry Chrysler Dodge Jeep, Inc. infringed upon its copyrights and trademarks and committed unfair and deceptive trade practices. Plaintiff moved the Court for summary judgment in its favor on December 29, 2006. At the time, Defendant had not yet appeared before the Court in this action. In its Memorandum in Support of the Motion for Summary Judgment, Plaintiff asserted that "Defendant ha[d] improperly failed to answer the complaint." (Mem. Support 2-3.) In an attached affidavit, counsel for Plaintiff stated that Plaintiff had "served Defendant . . . on at least two occasions." (Harvey Aff. ¶ 10.)

On January 16, 2007, Defendant filed a "Limited Appearance to Respond to Plaintiff's Motion for Summary Judgment." (R. at 6.) In its Memorandum in Opposition attached, Defendant

informed the Court that it had never been served with a Summons as required by Rule 4 of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff's motion is premature as it was filed before Defendant was required to respond to the Complaint[1] and, in any event, the motion should be denied because Defendant is unable to fully oppose the motion without the benefit of discovery.

The Court thereafter issued an Order (R. at 7) noting that Plaintiff had never filed a return of service and that the docket therefore did not reflect that the Complaint and the Summons had been served on Defendant. The time in which the Plaintiff was to serve the Complaint and the Summons had elapsed as of January 20, 2007, the date of the Court's order.[2] The Court directed Plaintiff to address the issue of service and, if necessary, move for an extension of time within which to perfect service. Plaintiff's Response (R. at 9) to this Order described its efforts in serving Defendant, none of which included serving a summons or obtaining a waiver of summons as required by Rule 4. On February 1, 2007, the Court, pursuant to Rule 4(m), granted Plaintiff a short extension to allow service to be made. (R. at 10.) The extension allowed Plaintiff to obtain service on Defendant or

---

[1] Under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, "a defendant shall serve an answer within 20 days after being served with the summons and complaint."

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

to obtain and file a waiver of service. On February 14, 2007, Plaintiff filed a Waiver of Service of Summons, signed by the controller of Defendant. (R. at 12.)

**II. Discussion**

**A. Plaintiff's Motion for Summary Judgment**

The standards for summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure. In its Memorandum in Opposition, Defendant seems to argue that Rule 56(a) forbids Plaintiff from filing a motion for summary judgment before the time within which Defendant must file an answer has elapsed. Defendant is correct that its time to file an answer to the Complaint had not elapsed when Plaintiff filed its Motion for Summary Judgment. Without being served with a summons or returning a waiver of service of summons, a defendant has no obligation under the Rules to answer the plaintiff's complaint. As neither event had occurred when Plaintiff filed its motion, Defendant's time to serve an answer had not elapsed at that time.

Defendant is incorrect, however, to the extent that it contends that Rule 56(a) precludes a plaintiff from moving for summary judgment before the defendant's time for serving an answer has elapsed. Rule 56(a) states that any party seeking to recover upon a claim may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action." Under the Rules, the action commences upon the filing of the complaint with the court. Fed. R. Civ. P. 3. Plaintiff filed its Complaint on August 25, 2006. Because its motion for summary judgment was filed more than four months later, the motion is timely.

Defendant also argues that, Rule 56(a) aside, Plaintiff's motion is premature because there has been no discovery in this action and, as such, Defendant is unable to fully oppose Plaintiff's motion. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In an affidavit attached to its Memorandum in Opposition, Defendant's controller states that "there has been no discovery . . . in the lawsuit [and it] is unable to respond to the Plaintiff's Motion for Summary Judgment without the benefit of discovery, deposition, or other process due in this lawsuit under the rules of the court." (Slife Aff. ¶ 3.)

"[S]ummary judgment should not be granted unless the nonmoving party has had the opportunity to discover information essential to opposition." Elvis Presley Enters., Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989)). Nevertheless, Rule 56(f) does not provide parties with an absolute right to additional time for discovery, and the Court has broad discretion to determine whether additional time is justified. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 409 (6th Cir. 1998); Elvis Presley Enters., 936 F.2d at 893. The party invoking the protection of Rule 56(f) must affirmatively demonstrate how additional time for discovery is needed to oppose the motion for summary judgment. Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998). To this end, the non-movant must file an affidavit that states not only the party's need for additional discovery but also why more discovery is needed. Wallin v. Norman, 317 F.3d 558, 564 (6th Cir. 2003).

Although Defendant's affidavit lacks a detailed explanation of why discovery is needed, it nonetheless has sufficiently stated a good reason for its request for additional discovery. Defendant's general statement of its need for discovery is explained by the posture of this case. At

4

this very early stage, Defendant is not in a position to know which facts, obtainable through discovery, will ultimately be needed to oppose summary judgment.  Thus, despite the affidavit not explicitly providing what information Defendant hopes to learn from discovery or why it does not currently possess this information, Defendant aptly explains why more discovery is needed by simply noting the absolute absence of discovery in this case thus far.

Requests made pursuant to Rule 56(f) are generally favored and should be liberally granted. Stearns Airport Equip. Co. v. FMC Corp. 170 F.3d 518, 534 (5th Cir. 1999).  In the circumstance where the nonmoving party has not been able to conduct any discovery, justice normally requires either refusing the application for judgment or granting an extension of time for discovery.  See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002) ("If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." (emphasis added)).  Requiring Defendant to oppose Plaintiff's motion would not further the interests of justice.  The Court therefore refuses the application of Plaintiff's motion for summary judgment pursuant to Rule 56(f).

**B. Plaintiff's Motion to Strike**

Plaintiff has also filed a motion to strike Defendant's "Limited Appearance to Respond to Plaintiff's Motion for Summary Judgment" in its entirety.  In support of its motion, Plaintiff states that "Defendant has been playing games with the litigation process" and implies that Defendant's arguments regarding the lack of service of process should be ignored because Defendant has received a copy of the Complaint.  Plaintiff's motion to strike is easily disposed of for two reasons.

First, there is no provision within the Federal Rules of Civil Procedure that allows the Court to strike Defendant's response.

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served."

Fox v. Mich. State Police Dep't, 173 Fed. Appx. 372, 375 (6th Cir. 2006). A memorandum in opposition to a motion, such as Defendant's "Limited Appearance," is not a pleading. It therefore is not subject to a motion to strike made pursuant to Rule 12(f).

Second, even if striking Defendant's response were permissible under the Rules, as explained by the Court in its Order of February 1, 2007, knowledge of a lawsuit, including receipt of the complaint, cannot substitute for the service of process required by Fed. R. Civ. P. 4. Thus, Defendant's response, arguing that Plaintiff's motion for summary judgment should not be granted before Plaintiff effects service of process, was in no way inappropriate.

### III. Conclusion

WHEREUPON, Plaintiff's Motion for Summary Judgment (R. at 4) is **DENIED** without prejudice to Plaintiff making a similar motion later in this action. Plaintiff's Motion to Strike (R. at 8) is **DENIED**.

**IT IS SO ORDERED.**

February 26, 2007  /s/ **John D. Holschuh**
Date  John D. Holschuh, Judge
 United States District Court